IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PAMELA JO CALHOUN<br>aka PAMELA J. CALHOUN<br>aka PAM J. CALHOUN<br>Debtor | : | CHAPTER 13 |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>Objectant | : | |
| vs. | : | |
| GARY J. IMBLUM, ESQUIRE<br>Applicant | : | CASE NO. 1:21-bk-02637-HWV |

**TRUSTEE'S OBJECTION TO SECOND
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 31st day of March, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Second Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on March 20, 2023 and states as follows:

**Facts**

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On December 14, 2021, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code. (ECF No. 1).

3. On March 20, 2023 Applicant filed his Second Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 40).

4. Applicant's Second Fee Application requests $2,485.13 in compensation and reimbursement of expenses. (ECF No. 40).

1

5. The District has determined that $4,500.00 is a presumptively reasonable fee (PRF) for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case.  L.R. 2016-2 (c)

6. Applicant's fees total approximately $8,198.68 including a retainer in the amount of $1,850. (ECF No. 33, 40).

## Applicable Law

7. This Honorable Court "considers the PRF as a guide or 'starting point' to what should be considered a 'reasonable fee in a routine Chapter 13 case in this District." *In re Badyrka*, No. 5:20-20-03618-MJC, 2022 WL 4656034 at *6 (Bankr. M.D. Pa. Sept. 30, 2022) (citation omitted).

8. Under Bankruptcy Rule 2017(b), the Court "may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive . . .." Fed. R. Bankr. P. 2017(b). "Excessive attorney's fees should not be awarded where such award contravenes the purposes of Chapter 13." *In re Tcherneva*, 638 B.R. 676 (Bankr. E.D.N.Y. 2022).

9. The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995).  "When the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *In re Parilla*, 530 B.R. 1, 13 (Bankr. D.P.R. 2015) (quoting *In re Thorn*, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984).

2

10. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

11. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows reasonable fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

12. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

13. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

14. The Court must conduct an objective inquiry based upon what services a reasonable lawyer or law firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, bounded on an understanding of the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d

at 854). When making its consideration, the Court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *See*, e.g., *In re Maruko, Inc.*, 160 B.R. 633, 642 (Bankr. S.D. Cal. 1993). Since "its time is precious, the reviewing Court need only correct reasonable discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-845.

15. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

16. Under § 1325(a)(6), a debtor must be able to make all payments under the plan and comply with the plan. Moreover, LR 2016-2(a) states that "After the petition is filed, an attorney may not receive payment of fees except through the chapter 13 plan, unless payment is otherwise approved by the Court."

17. Judge France previously stated "[a] bankruptcy court must balance adequately compensating attorneys in order to encourage competent counsel to represent bankruptcy debtors with insuring that the costs of administration do not consume assets that otherwise would be available to creditors. In making a fee determination, the court must take into consideration whether the professional exercised "reasonable billing judgment." *In re Fontaine*, 2015 WL 5162557, at *3 (Bankr. M.D Pa. 2015).

18. Finally, with regard to defending fee applications, the Supreme Court has been clear in stating: "Section 330(a)(1) itself does not authorize the award of fees for defending a fee application, and that is the end of the matter." *Baker Botts LLP v. Asarco LLC*, 135 S. Ct. 2158, 2169 (2015).

**<u>Analysis and Facts Specific to the Present Fee Application</u>**

19. The Trustee avers, the Second Fee Application is not reasonable for the following reasons:

   a. The Fee Application includes charges that are for the excessive which are not allowed under § 330(a):

   1) On April 6, 2022 (Item # 1687820), Applicant charged .2 hours in the amount of $59.00 to "Draft Request for Payment of Compensation and Expenses" which is excessive where the task could have been delegated and charged at a lower rate. (ECF No. 40-2);

   2) On April 12, 2022 (Item # 1688169), Applicant charged .1 hours in the amount of $29.50 for "Review of notice from Trustee Re: Plan will be confirmed on 4/13/22", which is excessive where the task could have been delegated and charged at a lower rate. (ECF No. 40-2);

   3) On September 23, 2022 (Item # 1704115), Applicant charged .1 hours in the amount of $29.50 for "Review of Notice of Substitution of counsel for Midfirst", which is excessive where the task could have been delegated and charged at a lower rate. (ECF No. 40-2);

5

4) On November 29, 2022 (Item # 1711635), Applicant charged .2 hours in the amount of $59.00 for "Review of Midfirst Notice of Mortgage Payment Change – as of 7/1/11; Letter to client Re: Change – but just filed now", which is excessive where the task should have been delegated and charged at a lower rate. (ECF No. 40-2).

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately subordinate and adjust Applicant's request for compensation.

Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder
Attorney for Trustee

# CERTIFICATE OF SERVICE

AND NOW, this 31st day of March, 2023, I, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Gary Imblum, Esquire
4615 Derry Street
Harrisburg, PA  17111
gary.imblum@imblumlaw.com

/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097