| | |
|---|---|
| IN RE: | : |
| PAMELA JO CALHOUN | : CASE NO.   1:21-bk-02637-HWV |
| aka PAMELA J. CALHOUN, | : |
| aka PAM J. CALHOUN | : |
| Debtor | : CHAPTER 13 |
| | : |
| PAMELA JO CALHOUN | : |
| aka PAMELA J. CALHOUN, | : |
| aka PAM J. CALHOUN | : |
| Movant | : |
| | : |
| v. | : |
| | : |
| JACK N. ZAHAROPOULOS, ESQUIRE | : |
| LOWER ALLEN TOWNSHIP | : |
| LOWER ALLEN TOWNSHIP | : |
| AUTHORITY | : |
| MIDLAND MORTGAGE COMPANY | : |
| PA HOUSING FINANCE AGENCY | : |
| HUNTERS RIDGE HOMEOWNERS | : |
| ASSOCIATION | : |
| CUMBERLAND COUNTY TAX CLAIM | : |
| BUREAU | : |
| Respondents | : |

## CERTIFICATE OF SERVICE

**If service was made by personal service, by residence service or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.**

**I served a copy of the Order, Motion to Sell Real Estate, Exhibit A and proposed Order    on the following parties in this matter:**

| Name and Address | Mode of Service |
|---|---|
| **Cumberland County Tax Claim Bureau**<br>**1 Court House Square**<br>**Carlisle PA 17013** | **Certified Mail, Postage Prepaid**<br>**OFFICER, MANAGING OR GENERAL AGENT, OR ANY OTHER AGENT AUTHORIZED BY APPOINTMENT, OR BY LAW, TO RECEIVE SERVICE OF PROCESS** |
| **Lower Allen Township**<br>**2233 Gettysburg Road**<br>**Camp Hill PA 17011** | **Certified Mail, Postage Prepaid**<br>**OFFICER, MANAGING OR GENERAL AGENT, OR ANY OTHER AGENT AUTHORIZED BY APPOINTMENT, OR BY LAW, TO RECEIVE SERVICE OF PROCESS** |

| | |
|---|---|
| **Lower Allen Township Authority**<br>**120 Limekiln Road**<br>**New Cumberland PA 17070** | **Certified Mail, Postage Prepaid**<br>OFFICER, MANAGING OR GENERAL AGENT, OR ANY OTHER AGENT AUTHORIZED BY APPOINTMENT, OR BY LAW, TO RECEIVE SERVICE OF PROCESS |
| **Midland Mortgage Company**<br>**999 NorthWest Grand Boulevard**<br>**Oklahoma City OK 73118** | **Certified Mail, Postage Prepaid**<br>OFFICER, MANAGING OR GENERAL AGENT, OR ANY OTHER AGENT AUTHORIZED BY APPOINTMENT, OR BY LAW, TO RECEIVE SERVICE OF PROCESS |
| **PA Housing Finance Agency**<br>**211 North Front Street, PO Box 15206**<br>**Harrisburg, PA 17105** | **Certified Mail, Postage Prepaid**<br>OFFICER, MANAGING OR GENERAL AGENT, OR ANY OTHER AGENT AUTHORIZED BY APPOINTMENT, OR BY LAW, TO RECEIVE SERVICE OF PROCESS |
| **Hunter's Ridge Homeowners Association**<br>**c/o Austin Law Firm LLC**<br>**226 E. Market Street**<br>**York PA 17403** | **Certified Mail, Postage Prepaid**<br>OFFICER, MANAGING OR GENERAL AGENT, OR ANY OTHER AGENT AUTHORIZED BY APPOINTMENT, OR BY LAW, TO RECEIVE SERVICE OF PROCESS |
| **Jack N. Zaharopoulos, Esquire**<br>**Chapter 13 Trustee** | **Via E-Service** |
| **United States Trustee** | **Via E-Service** |

**I certify under penalty of perjury that the foregoing is true and correct.**

Date:   6/17/2026          Name:   **Gary J. Imblum, Esquire**
                                                    **Printed Name of Attorney**

                                   Address:   **4615 Derry Street**
                                                  **Harrisburg, PA 17111**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re:

Pamela Jo Calhoun,
aka Pamela J. Calhoun, aka Pam J. Calhoun,

**Debtor 1**

Chapter: 13

Case number: 1:21–bk–02637–HWV

Document Number: 111

Matter: Motion for Sale Free and Clear of Liens

PAMELA JO CALHOUN
aka PAMELA J. CALHOUN,
aka PAM J. CALHOUN
**Movant(s)**

vs.

JACK N. ZAHAROPOULOS, ESQUIRE,
LOWER ALLEN TOWNSHIP,
LOWER ALLEN TOWNSHIP
AUTHORITY,
MIDLAND MORTGAGE COMPANY,
PA HOUSING FINANCE
AGENCY ,
HUNTERS RIDGE HOMEOWNERS
ASSOCIATION,
CUMBERLAND COUNTY TAX CLAIM BUREAU
**Respondent(s)**

## <u>Order</u>

Unless earlier served through CM/ECF, **IT IS ORDERED** that service of this Order and the above–referenced Motion shall be made by the moving party on all respondent(s) named in the Motion claiming an interest in the property, counsel, and in a Chapter 11 case service shall also be made upon the Trustee, if any, U.S. Trustee and the individuals identified in F.R.B.P. 4001(a)(1) and L.B.R 4001–6. Service shall be made within seven (7) days from the date hereof and certification of service filed with this Court within fourteen (14) days from the date hereof.

**IT IS FURTHER ORDERED** that answers to the Motion must be served on the moving party and a copy filed with this Court, within fourteen (14) days from the service date of this Order. If no Response is filed, relief may be granted. A hearing will be held if a responsive pleading is timely filed, requested by the moving party, or ordered by the Court. If a default order has not been signed and entered, the parties or their counsel are required to appear in Court at the hearing on the below date and time.

| United States Bankruptcy Court Sylvia H. Rambo US Courthouse, Bankruptcy Courtroom 4B, 1501 N. 6th St, Harrisburg, PA 17102 | Date: 7/28/26 Time: 09:30 AM |
|---|---|

By the Court,

Henry W. Van Eck, Chief Bankruptcy Judge

Dated: June 17, 2026

Initial requests for a continuance of hearing ( *L.B.F. 9013–4, Request to Continue Hearing/Trial with Concurrence)* shall be filed with the Court. Requests received by the Court within twenty–four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing remotely shall be made in accordance with L.B.R. 9074–1.

Photo identification is required upon entering the Courthouse.

orreshrg(5/18)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
PAMELA JO CALHOUN : CASE NO. 1:21-bk-02637-HWV
aka PAMELA J. CALHOUN, :
aka PAM J. CALHOUN :
        Debtor : CHAPTER 13
 :
PAMELA JO CALHOUN :
aka PAMELA J. CALHOUN, :
aka PAM J. CALHOUN :
        Movant :
 :
   v. :
 :
JACK N. ZAHAROPOULOS, ESQUIRE :
LOWER ALLEN TOWNSHIP :
LOWER ALLEN TOWNSHIP :
AUTHORITY :
MIDLAND MORTGAGE COMPANY :
PA HOUSING FINANCE AGENCY :
HUNTERS RIDGE HOMEOWNERS :
ASSOCIATION :
CUMBERLAND COUNTY TAX CLAIM :
BUREAU :
        Respondents :

## MOTION TO SELL REAL ESTATE
## FREE AND CLEAR OF LIENS

**AND NOW,** come Debtor, Pamela Jo Calhoun, by and through her attorney, Gary J. Imblum,

and pursuant to 11 U.S.C. § 363(f) and respectfully represent:

1.    Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on

December 14, 2026.

2.    Debtor is the owner of real estate situate and known as 1707 Peyton Randolph Court,

New Cumberland, Cumberland County, Pennsylvania.

3.    Debtor has entered into an Agreement of Sale to sell said property for a total price of

$122,000.00 to CG Homebuyer LLC, a non-relative and non-insider. A copy of the Agreement of Sale is attached hereto as Exhibit "A" and is incorporated herein by reference.

4. To the best of Debtors knowledge, all the parties who have a lien on said property include, but are not limited to the following:

a. Lower Allen Township - municipal lien;

b. Lower Allen Township Authority - municipal lien;

c. Cumberland County Tax Claim Bureau - real estate taxes, if any;

d. Hunters Ridge Homeowners Association;

e. Midland Mortgage - first mortgage;

f. PA Housing Finance Agency - second mortgage;

**WHEREFORE**, Debtors respectfully request that this Honorable Court issue an Order approving the sale of aforesaid real estate, free and clear of liens and the distribution of the proceeds as set forth below shall be permitted and that Federal Bankruptcy Rule 6004(g) is not applicable, and the real property may be sold and purchased immediately upon entry of Order of Court approving same:

1. Payment of all closing costs for which Debtor is liable.

2. Payment of attorneys fees in the amount of $3,500.00, to be applied to Debtor(s) costs and Attorney fees, billed on an hourly basis, and approved by the Bankruptcy Court.

3. Payment of any and all other miscellaneous fees involved with the sale.

4. Payment of any liens and mortgages.

5. As long as same is a valid lien on subject real estate, payment in full of Lower Allen Township, if any, or else the sale will not occur.

6. As long as same is a valid lien on subject real estate, payment in full of Lower Allen

Township Authority, if any, or else the sale will not occur.

7. As long as same is a valid lien on subject real estate, payment in full of Cumberland County Tax Claim Bureau real estate taxes, if any, or else the sale will not occur.

8. As long as same is a valid lien on subject real estate, payment in full of Hunters Ridge Homeowners Association, if any, or else the sale will not occur.

9. As long as same is a valid lien on subject real estate, payment in full of Midland Mortgage, mortgage, if any, or else the sale will not occur.

10. As long as same is a valid lien on subject real estate, payment in full of PA Housing Finance Agency, mortgage, if any, or else the sale will not occur.

11. If there are net proceeds remaining after paying all of the costs, fees and liens set forth in the preceding paragraphs, then payment of any and all attorney fees owed to Debtor's counsel for representation in the above matter subject to approval of same by the Court.

12. If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then payment to the Debtor up to the total amount of the exemption in subject real estate. The total exemption pursuant to Debtor's Schedules is $26,425.03.

13. If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then payment to Trustee Jack N. Zaharopoulos in an amount up to the amount necessary to fully fund the Plan, less any amount otherwise payable to a secured creditor pursuant to Debtor's Plan, which is, in fact, paid at settlement.

14. If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then the remaining balance, if any, shall be distributed to the Debtor.

Respectfully submitted,

Gary J. Imblum
Attorney Id. No. 42606
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@ imblumlaw.com
Attorney for Debtor

Dated: 6/16/2026

# AGREEMENT TO PURCHASE REAL ESTATE

This Agreement is between _Pamela Calhoun_ ('Seller'), and _CG Homebuyer LLC_ ('Buyer'). Buyer and Seller, when mentioned together may be referred to as "Parties." Seller agrees to sell to Buyer the property known as _1707 Peyton Randolph Ct. New Cumberland Pa_ ('Property').

ASSESSOR'S NUMBER: _____

## THE PARTIES AGREE TO THE FOLLOWING TERMS AND CONDITIONS:

PURCHASE PRICE: Buyer will pay the purchase price of _$122,000.00_ to Seller.

EARNEST MONEY: Buyer will pay _$495.00_ to Seller as an earnest money deposit (the "Deposit"), which shall be deposited with the escrow company. If Buyer fails to timely close escrow, then the Deposit will be forfeited to Seller as full and liquidated damages.

CLOSE OF ESCROW: Closing shall take place on or before: _July-20-2026_

ESCROW COMPANY CONTACT INFORMATION:

Company: Mersky Law Group
Escrow Officer: Jennifer L Pena
Phone Number: 717-299-2950
Email Address: Jennifer@merskylawgroup.com
Address: 2938 Columbia Avenue Suite 1402 Lancaster Pa 17603

CLOSING TERMS AND CONDITIONS: Unless otherwise stated herein, Buyer and Seller hereby agree that Buyer will pay all closing costs, which include full Escrow Fee, full ALTA® Owner's Policy, full Lender's Policy (if required by Lender), full CPL Fees, full Endorsements, full Recon Tracking Fee, full Recording Fee, full Delivery Fee, Both sides of Transfer Tax, and full Notary Fees. Title will be transferred by warranty deed at closing. Seller agrees to provide clear title, free and clear of any lien, encumbrance or cloud on title. Unless otherwise negotiated, Property shall be vacant and free of personal property 24 hours prior to closing. Buyer will clean out (after Closing) whatever is left at the property. If Property is leased at the time of closing and Buyer agrees to acquire the Property subject to the lease, then rents will be prorated and any tenant security deposits will be transferred to Buyer. All taxes will be prorated and Seller will pay any back taxes on or before closing.

_P.C._  
Seller Initials

_____  
Seller Initials

_C.G_  
Buyer Initials

1

**ACCESS:** Seller shall make Property accessible to Buyer, Buyer's partners, or contractors, prior to closing. Buyer's Access Period shall be 14 days or before after the date the Agreement is executed by Seller.

**PROPERTY SOLD "AS IS":** Buyer is purchasing Property "as is." Buyer agrees Seller is not responsible to make repairs or improvements to Property prior to closing. However, If, on the date of this Agreement, there is not access to a public road from the Property, Seller shall obtain, at Seller's sole cost and expense, all approvals for access to a public road, which may require issuance of a highway occupancy permit from the Department of Transportation.

**LEAD-BASED PAINT DISCLOSURE:** If the home on the Property was built before 1978, Seller shall notify Buyer of any known lead-based paint ("LBP") or LBP hazards on the Property and provide Buyer with any LBP risk assessments or inspections in Seller's possession. Buyer agrees to review the "Lead Warning Statement" found in the Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazards found at https://www.epa.gov/sites/production/files/documents/selr_eng.pdf and the pamphlet "Protect Your Family from Lead in Your Home" found at

https://www.epa.gov/lead/protect-your-family-lead-your-home-real-estate-disclosure, which are incorporated herein by this reference. Buyer waives the ten (10) day opportunity to conduct a lead-based paint inspection and risk assessment.

**SELLER ACKNOWLEDGMENT:** Seller hereby acknowledges that all negotiations and deadlines with Buyer have been and are at arm's length and that Buyer has exerted no duress or undue influence over Seller or Seller's family in connection with this Agreement.



**Seller**     **Seller**     **Buyer**

    **Initials**

**ATTORNEY FEES:** If legal action is needed to enforce any part of this Agreement, the prevailing party is entitled to its reasonable attorney fees, expert fees and costs and the costs and attorneys' fees related to collection of any amounts awarded. Any costs, attorneys' fees, and expert fees awarded in favor of Buyer against Seller may be paid to Buyer from the proceeds of the closing of the transaction contemplated by this Agreement.

**RECORDING OF MEMORANDUM:** Seller agrees that Buyer may execute, acknowledge, and record a memorandum or affidavit of this Agreement in the official records of the recorder of the county in which the Property is located. Seller's signature on any affidavit or memorandum is not required for the recording of the same.

**THIS IS THE ENTIRE AGREEMENT:** This Agreement is complete between parties. No other representations have been made or relied upon in making this Agreement. If any part or provision in this Agreement is held to be invalid or unenforceable, the remaining valid provisions will stay in force and effect.

**HOA FEES:** Buyer is responsible for all HOA disclosure, transfer, reserve and capital improvement fees. Seller shall pay all assessments due and owing to the HOA as of the closing date.

**ELECTRONIC EXECUTION AND COUNTERPARTS:** This Agreement may be executed by electronic means and in any number of counterparts, each of which shall be deemed an original and all of which when taken together shall constitute one instrument.

**OTHER PROVISIONS:** An owner, member, manager, or employee of Buyer is a Pennsylvania licensed Real estate agent. He/She is not representing the Seller in this transaction.

_____  _/l /l_
**Seller**  **Buyer**
**Initials**  **Initials**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| PAMELA JO CALHOUN | : | CASE NO. 1:21-bk-02637-HWV |
| aka PAMELA J. CALHOUN, | : | |
| aka PAM J. CALHOUN | : | |
|       Debtor | : | CHAPTER 13 |
| | : | |
| PAMELA JO CALHOUN | : | |
| aka PAMELA J. CALHOUN, | : | |
| aka PAM J. CALHOUN | : | |
|       Movant | : | |
| | : | |
|     v. | : | |
| | : | |
| JACK N. ZAHAROPOULOS, ESQUIRE | : | |
| LOWER ALLEN TOWNSHIP | : | |
| LOWER ALLEN TOWNSHIP | : | |
| AUTHORITY | : | |
| MIDLAND MORTGAGE COMPANY | : | |
| PA HOUSING FINANCE AGENCY | : | |
| HUNTERS RIDGE HOMEOWNERS | : | |
| ASSOCIATION | : | |
| CUMBERLAND COUNTY TAX CLAIM | : | |
| BUREAU | : | |
|       Respondents | : | |

## <u>ORDER</u>

Upon consideration of Debtors' Motion to Sell Real Estate Free and Clear of Liens, and it appearing that no Objection or Answer was filed to the Motion by the time set forth in an Order, good reason appearing therefore, no objections appearing thereto;

IT IS HEREBY ORDERED AND DECREED that Federal Bankruptcy Rule 6004(h) is not applicable, and the real property may be sold and purchased immediately upon entry of Order of Court approving same and that the sale of real estate at 1707 Peyton Randolph Court, New Cumberland, Cumberland County, Pennsylvania, free and clear of liens, to CG Homebuyer LLC for $122,000.00 is approved and distribution of the proceeds as set forth

below shall be permitted:

1.        Payment of all closing costs for which Debtor is liable.

2.        Payment of attorneys fees in the amount of $3,500.00, to be applied to Debtor(s) costs and Attorney fees, billed on an hourly basis, and approved by the Bankruptcy Court.

3.        Payment of any and all other miscellaneous fees involved with the sale.

4.        Payment of any liens and mortgages.

5.        As long as same is a valid lien on subject real estate, payment in full of Lower Allen Township, if any, or else the sale will not occur.

6.        As long as same is a valid lien on subject real estate, payment in full of Lower Allen Township Authority, if any, or else the sale will not occur.

7.        As long as same is a valid lien on subject real estate, payment in full of Cumberland County Tax Claim Bureau real estate taxes, if any, or else the sale will not occur.

8.        As long as same is a valid lien on subject real estate, payment in full of Hunters Ridge Homeowners Association, if any, or else the sale will not occur.

9.        As long as same is a valid lien on subject real estate, payment in full of Midland Mortgage, mortgage, if any, or else the sale will not occur.

10.      As long as same is a valid lien on subject real estate, payment in full of PA Housing Finance Agency, mortgage, if any, or else the sale will not occur.

11.      If there are net proceeds remaining after paying all of the costs, fees and liens set forth in the preceding paragraphs, then payment of any and all attorney fees owed to Debtor's counsel for representation in the above matter subject to approval of same by the Court.

12.      If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then payment to the Debtor up to the total amount of the

exemption in subject real estate.  The total exemption pursuant to Debtor's Schedules is $26,425.03.

13.     If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then payment to Trustee Jack N. Zaharopoulos in an amount up to the amount necessary to fully fund the Plan, less any amount otherwise payable to a secured creditor pursuant to Debtor's Plan, which is, in fact, paid at settlement.

14.     If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then the remaining balance, if any, shall be distributed to the Debtor.