When Recorded Mail to:
FIRST AMERICAN TITLE CO.
FAMS-DTO RECORDING
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707-991
Document Prepared by:
Trey Johnson
MidFirst Bank
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116
1-800-552-3000

Please cross-reference to: Instrument Number: 46833, Book 1832 on Page 3442, CUMBERLAND County Pennsylvania.

## LOAN MODIFICATION AGREEMENT
### FIXED RATE LOAN

This Loan Modification Agreement ("Agreement"), made this May 6, 2022, between **PAMELA J CALHOUN** ("Borrower"), and MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118 ("Lender") renews, amends, supplements and extends: (1) the Mortgage, Deed of Trust, or Security Deed ("Security Instrument") originated on 8/25/2003, recorded on 8/28/2003, in Instrument Number: 46833, Book 1832 on Page 3442, in CUMBERLAND County, Pennsylvania and (2) the Promissory Note ("Note") bearing the same date, in the original principal amount of $91,900.00 and secured by, the Security Instrument and other loan documents typically referred to as "addenda" or "riders" (collectively referred to herein as "Loan Documents"), which are secured by the real and personal property described in the Security Instrument, located at 1707 PEYTON RANDOLPH, NEW CUMBERLAND, PA 17070, the real property described being set forth as follows:

Borrower Initial Lines


Page 1 of the Loan Modification Agreement
Order Number:

*Please add the appropriate number of initial lines for each signatory over 4

See Exhibit "A" attached hereto and made a part hereof.



(Herein defined as "Property").

**Capitalized Amount: $7,431.19**
Being the same property conveyed to PAMELA J. CALHOUN, by Deed recorded 8/28/2003 and recorded in Book 258 on Page 4610 in CUMBERLAND County Pennsylvania.

Borrower is in default or at imminent risk of default under the Loan Documents and desires (i) that the Lender forbear from exercising its rights under the Loan Documents, (ii) to extend or rearrange the time and manner of payment of the Note and other obligations due to Lender under the Loan Documents, and (iii) to extend and carry forward the lien(s) on the Property, whether created by the Security Instrument or otherwise. Lender, the legal holder entitled to enforce the Note and of the lien(s) securing the same, has agreed to Borrower's request to so forbear, to extend or rearrange the time and manner of payment of the Note, and to grant certain other financial accommodations pursuant to the terms of this Agreement.

In consideration of the mutual promises and agreements exchanged, and other good and valuable consideration paid by each of the parties to the other, the receipt and sufficiency of which is hereby acknowledged, the parties mutually agree to modify, renew and extend the Note and Security Instrument and any other Loan Documents, as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. **Acknowledgement of Modified Balance and Expenses:**

    Borrower acknowledges that as of the date of the first payment due under this Agreement, Borrower owes Lender the unpaid balance of **$64,847.55** ("Modified Principal Balance") in addition to the other fees, charges and expenses described in the section of the agreement entitled "Acknowledgement of Unpaid Fees and Costs." The Modified Principal Balance includes unpaid principal of **$57,416.36**, unpaid interest of **$3,732.04**, escrow advanced of **$3,419.15**, and certain unpaid fees of **$280.00**.

    Borrower hereby renews, extends and promises to pay the Modified Principal Balance to the order of Lender.

    Interest will be charged on the Modified Principal Balance until the full amount of the Modified Principal Balance and the other amounts due hereunder and under the Loan Documents have been paid in accordance with the terms and conditions of the Loan Documents, as modified by this Agreement. All references in the Loan Documents and this Agreement to "Principal" shall be deemed to refer to the Modified Principal Balance.

2. **Acknowledgement of Unpaid Fees and Costs:**

Borrower Initial Lines
*PC*

Page 2 of the Loan Modification Agreement
Order Number:

*Please add the appropriate number of initial lines for each signatory over 4

Borrower agrees to remain responsible for payment of allowable costs and fees now due and owing ("Unpaid Fees and Costs") plus other allowable late charges, costs, fees and expenses incurred after this Agreement becomes effective (the total sum of which is referred to as "Fees and Costs"). Borrower agrees and acknowledges that Borrower received notice of Unpaid Fees and Costs due as of a date certain prior to execution of this Agreement.

Lender has agreed to postpone the collection of any outstanding Fees and Costs that are not paid in advance or that are not included in the Modified Principal Balance. Fees and Costs not included in the Modified Principal Balance remain due and owing as part of the debt secured by the Loan Documents to the extent provided in the Loan Documents and as otherwise permissible under applicable law. The outstanding Fees and Costs remain due and payable to Lender and shall be paid by Borrower, with interest as permitted by the Loan Documents. Furthermore, outstanding Fees and Costs shall be payable to Lender on demand of Lender and shall be secured by the Security Instrument to the extent provided in the Security Instrument and otherwise permissible under applicable laws and requirements.

3. **Interest Calculation:**

   Interest will be calculated at a fixed yearly interest rate of **5.625%**.

4. **Payment Amounts, Time of Payments And Maturity Date:**

   a. Borrower acknowledges and agrees that Borrower shall, beginning on **7/1/2022** through the Maturity Date, make monthly payments of U.S. **$436.40** for principal and interest and shall continue to make such payments in accordance with the terms and conditions set forth in the Loan Documents until the Modified Principal Balance is paid in full.
   b. An escrow account has been established under the terms and conditions of the Loan Documents. Borrower will make an escrow payment each month on each payment due date. The escrow payment currently is **$249.05** per month, which is subject to change depending on the amounts attributable to taxes, insurance and other escrow items. **The present combined Monthly Payment and Escrow Payment will be $685.45.** The escrow payment will be re-analyzed from time to time in accordance with the terms of the Loan Documents to determine the appropriate escrow payment amount so that taxes, insurance and other escrow items may be paid appropriately. The escrow payment will be combined with the monthly principal and interest payment amount.
   c. The Maturity Date of the Loan is set to **9/1/2043**. If Borrower still owes amounts to Lender on the Maturity Date, Borrower will pay these amounts in full on the Maturity Date.

5. **Acknowledgment of Pre-Existing Conditions to Loan Modification:**
   The Borrower acknowledges and agrees this Agreement is subject to the following, conditions, which must exist at the time this Agreement is executed:

Borrower Initial Lines
*PC*  ____

a. All payments set forth in the Payment Schedule under the Loan Modification Trial Plan Agreement must have been made according to the Payment Schedule;
b. The Property has no physical conditions that will adversely affect the Borrower's continued use of the Property or interfere with the Borrower's ability to make payments as required under this Agreement; and
c. The Borrower (one or more) is occupying the Property as the Borrower's primary residence, unless occupancy by a Borrower is expressly not required by applicable Investor or Insurer guidance and program requirements; and
d. The Lender remains in first lien position and there are no outstanding liens and/or judgments against the Property; and
e. If applicable, Bankruptcy Court approval; and
f. If applicable, all requirements for an assumption of the loan are satisfied and Lender has approved the assumption.

The Borrower acknowledges and agrees that in the event the conditions set forth in this paragraph are not satisfied, this Agreement shall become null and void unless otherwise expressly agreed by Lender in writing. In the event this Agreement becomes null and void as set forth in this paragraph, Borrower acknowledges and agrees all provisions of the Loan Documents shall continue in full force and effect and Lender shall be under no obligation to modify any provision of the Loan Documents under this Agreement.

6. **Place of Payment:**

Borrower agrees to make payments at the following address or such other place as the Lender may require upon written notice to Borrower:

Midland Mortgage - A Division of MidFirst Bank
Attn: Cashiers
P.O. Box 268888
Oklahoma City, OK 73126-8888

7. **Adjustable Rate Loan Provisions in Note:**

If the interest rate in the Interest Calculation section of this Agreement is calculated as provided in the Note, any rate and payment adjustment provisions in the Note will apply. If the interest rate in the Interest Calculation section of this Agreement is fixed, any rate and payment adjustment provisions in the Note will not apply.

8. **Sale or Transfer of Property by Borrower:**

a. If all or any part of the Property or any interest in it is sold or transferred (or, if Borrower is not a natural person, any beneficial interest in Borrower is sold or transferred) without the Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

b. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security

Borrower Initial Lines

Page 4 of the Loan Modification Agreement
Order Number:

*Please add the appropriate number of initial lines for each signatory over 4

Case 1:21-bk-02637-HWV   Doc -1   Filed 11/28/22   Entered 11/28/22 16:25:04   Desc
Exhibit Payment Change Letter    Page 4 of 11

Instrument. If Borrower fails to pay these sums prior to the expiration of the designated period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

9. **Compliance with Loan Documents:**

    Borrower represents that, except for the payments described in this Agreement, Borrower is in full compliance with the covenants in the Loan Documents and that all of the representations and warranties contained in the Loan Documents are true, correct or satisfied as of the effective date of this Agreement.

10. **Renewal and Extension:**

    It is the intention of the parties that all liens and security interests described in the Loan Documents are hereby renewed and extended until the Modified Principal Balance and other obligations to Lender, have been fully paid. Borrower and Lender acknowledge and agree that the extension, amendment, modification or rearrangement effected by this Agreement shall in no manner affect or impair the Note or the liens and security interests securing the Note. The parties mutually agree that the purposes of this Agreement is to extend, modify, amend or rearrange the time and manner of payment of the Loan Documents and the indebtedness evidenced thereby, and to carry forward all liens and security interests (including, if applicable, any and all vendor's liens), which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect to fully secure the payment of the Note.

11. **No Waiver of Lender's Rights Regarding Default:**

    All the rights, remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents also shall apply to default in the making of the modified payments hereunder. Nothing contained herein shall be deemed to be a waiver by Lender of any terms or conditions of the Loan Documents as modified by this Agreement. This Agreement shall in no way be deemed to be a waiver of Lender's rights and remedies by reason of any default by Borrower under the Loan Documents as herein modified, including without limitation future payment defaults. Nothing in this Agreement shall constitute an agreement by Lender to any future modification of the Loan Documents and Lender expressly reserves the right to refuse to agree to any future modifications.

12. **Bankruptcy:**

    If, since inception of this loan through date of this Agreement, Borrower has received a discharge in a Chapter 7 bankruptcy and there has been no valid reaffirmation of the underlying debt, the Lender is not attempting to re-establish any personal liability for the underlying debt by entering into this Agreement. The parties acknowledge that Lender retains certain rights, including but not limited to, the right to foreclose its interest in the

Borrower Initial Lines
*PC*

Page 5 of the Loan Modification Agreement
Order Number:

*Please add the appropriate number of initial lines for each signatory over 4

Case 1:21-bk-02637-HWV    Doc -1    Filed 11/28/22    Entered 11/28/22 16:25:04    Desc
Exhibit Payment Change Letter    Page 5 of 11

property under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its right and pursuing its remedies under the Security Instrument as a result of Borrower's default. The parties agree that if approval of this Agreement by the Bankruptcy Court is required and not received, this Agreement shall be null and void and of no further force or effect.

### 13. Loan Documents Remain In Full Force and Effect:

The provisions of the Loan Documents, as amended by this Agreement, shall continue in full force and effect, and Borrower acknowledges and reaffirms Borrower's liability to Lender under the Loan Documents, subject to the terms of the Bankruptcy section of this Agreement. In the event of any inconsistency between this Agreement and the terms of the Loan Documents, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a novation, satisfaction or release, in whole or in part, of the Loan Documents. Except as otherwise specifically provided in this Agreement, the Loan Documents remain unchanged, and Borrower and Lender are bound and must comply with all of the terms and provisions of the Loan Documents, except as amended by this Agreement.

### 14. Execution of Additional Documentation:

Borrower agrees to make and execute other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement, which if approved and accepted by Lender, shall be incorporated into this Agreement and shall bind and inure to Borrower's heirs, executors, administrators, and assigns.

### 15. Miscellaneous:

Lender does not, by execution of this Agreement, waive any rights it may have against any person not a party to the Agreement.

a. If any court of competent jurisdiction shall declare any provision of this Agreement to be invalid, to any extent, the remainder of the Agreement shall not be affected thereby and shall continue in full force and effect to bind the parties.

b. This Agreement may be executed simultaneously in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same Agreement.

c. This Agreement shall be governed by the laws of the State where the Property is located.

### 16. Effective Date:

This Agreement is effective upon the execution of this Agreement by Lender and Borrower.

Borrower Initial Lines

**IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS LOAN MODIFICATION AGREEMENT, TOGETHER WITH THE LOAN DOCUMENTS AND ANY EXHIBITS AND SCHEDULES THERETO, REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND CONTROL OVER ALL PRIOR NEGOTIATIONS, AGREEMENTS AND UNDERTAKINGS BETWEEN THE PARTIES WITH RESPECT TO SUCH MATTER. ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN AGREEMENT MAY BE LEGALLY ENFORCED. THIS LOAN MODIFICATION AGREEMENT MAY BE AMENDED OR CHANGED ONLY BY A WRITTEN INSTRUMENT EXECUTED BY THE PARTIES OR THEIR AUTHORIZED ASSIGNEES.**

Borrower Initial Lines

Page 7 of the Loan Modification Agreement
Order Number:

*Please add the appropriate number of initial lines for each signatory over 4

**BORROWER**

*Pamela J Calhoun* (signature)
PAMELA J CALHOUN

## Acknowledgement

STATE OF Pennsylvania           )
                                ) SS:
COUNTY OF ~~CUMBERLAND~~ DAUPHIN )

On the 20 day of May, 2022, before me, the undersigned, a notary public in and for said state, personally appeared PAMELA J CALHOUN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.


*Carol V. Shay* (signature)
Notary Public

Carol V. Shay
Printed name of notary

County of Residence: Dauphin
Commission Number: 1187733
My Commission Expires: 02/26/2026

```
Commonwealth of Pennsylvania - Notary Seal
Carol V. Shay, Notary Public
Dauphin County
My commission expires February 26, 2026
Commission number 1187733
```
Member, Pennsylvania Association of Notaries

Page 8 of the ~~Modification~~ ation Agreement
Order Number:

LENDER

MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118

_____
Vice President, MidFirst Bank

___Melissa Buck_____
Printed Name

## Acknowledgement

STATE OF OKLAHOMA    )
                     ) SS:
COUNTY OF OKLAHOMA   )

On the  13  day of  Sept     , 2022, before me, the undersigned, a notary public in and for said state, personally appeared    Melissa Buck   , who acknowledged himself/herself/themselves to be a Vice President of MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118, and who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity as Vice President of MidFirst Bank, a federally chartered savings association located at 501 N.W. Grand Blvd. Oklahoma City, OK 73118, and that by his/her/their signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

__Kriston Noelle Ahlefeld__
Printed Name of Notary

OKLAHOMA
County of Residence: ~~JAN 2 4 2023~~

My Commission Expires: **JAN 2 4 2023**


Kriston Noelle Ahlefeld
Notary Public
State of Oklahoma
Commission #19000861   Exp: 01/24/23

Page 9 of the Loan Modification Agreement
Order Number: ▉▉▉▉

**Exhibit "A"**

THE LAND REFERRED TO IN THIS COMMITMENT IS DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT OR PARCELOF LAND SITUATE IN LOWER ALLEN TOWNSHIP, CUMBERLAND COUNTY, COMMONWEALTH OF PENNSYLVANIA, MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS; TO WIT;

BEGINNING AT A POINT, SAID POINT BEING LOCATED THE FIVE COURSES AND DISTANCES FROM PERIMETER COORDINATE 6 AS SHOWN ON THE AS-BUILT PLAN REFERENCED HEREIN: (1) BY A CURVE TO THE LEFT, HAVING A RADIUS OF 351.97 FEET, AN ARC DISTANCE OF 88.75 FEET TO A POINT AT THE INTERSECTION OF CAPITOL VIEW DRIVE AND THE CENTER LINE OF PEYTON RANDOLPH COURT; (2) ALONG THE CENTER LINE OF PEYTON RANDOLPH COURT, SOUTH 20 DEGREES 02 MINUTES 43 SECONDS EAST, A DISTANCE OF 117 FEET; (3) SOUTH 48 DEGREES 53 MINUTES 00 SECONDS WEST, A DISTANCE OF 75.13 FEET; (4) NORTH 41 DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 63.65 FEET TO THE EASTERNMOST CORNER OF LOT NO. 50; (5) SOUTH 41 DEGREES 30 MINUTES 23 SECONDS WEST, A DISTANCE OF 26 FEET TO A POINT ON THE LINE OF LOT NO. 49, SAID POINT BEING THE POINT AND PLACE OF BEGINNING; THENCE SOUTH 48 DEGREES 29 MINUTES 37 SECONDS EAST, A DISTANCE OF 4 FEET TO A POINT; THENCE SOUTH 41 DEGREES 30 MINUTES 23 SECONDS WEST, A DISTANCE OF 22 FEET TO A POINT ON LINE OF LOT NO. 48; THENCE CONTINUING ALONG THE DIVIDING LINE BETWEEN LOT 48 AND LOT 49, NORTH 48 DEGREES 29 MINUTES 37 SECONDS WEST, A DISTANCE OF 28 FEET TO A POINT; THENCE NORTH 41 DEGREES 30 MINUTES 23 SECONDS EAST, A DISTANCE OF 17 FEET TO A POINT; THENCE NORTH 48 DEGREES 29 MINUTES 37 SECONDS WEST, A DISTANCE OF 8 FEET TO A POINT; THENCE 41 DEGREES 30 MINUTES 23 SECONDS EAST, A DISTANCE OF 5 FEET TO A POINT ON THE DIVIDING LINE BETWEEN LOT 49 AND LOT 50; THENCE CONTINUING ALONG THE SAID DIVIDING LINE AND PASSING THROUGH THE CENTER LINE OF A PARTY WALL BETWEEN UNIT 49 AND UNIT 50, SOUTH 48 DEGREES 29 MINUTES 37 SECONDS EAST, A DISTANCE OF 32 FEET TO THE POINT AND PLACE OF BEGINNING.

BEING LOT NO. 49 AS SHOWN ON THE AMENDED FINAL PLAN OF HUNTER'S RIDGE, RECORDED IN PLAN BOOK 58, PAGE 62, AND AS MORE PARTICULARLY DESCRIBED ON AS-BUILT OF SECTION III, HUNTER'S RIDGE, DATED AUGUST 9, 1990 AND RECORDED IN PLAN BOOK 61, PAGE 23.



Page 10 of the Loan Modification Agreement
Order Number


# MIDLAND MORTGAGE
A division of MidFirst Bank

**CERTIFICATE OF RESIDENCE**

**MORTGAGE MODIFICATION AGREEMENT**
TITLE OF DOCUMENT

BETWEEN:

**PAMELA J CALHOUN**
(ASSIGNOR/MORTGAGOR/GRANTOR)

AND

**MIDFIRST BANK** /s/ M. U_____
(ASSIGNEE/MORTGAGEE/GRANTEE)

The precise address of the within ASSIGNOR/MORTGAGOR/GRANTOR is:

**1707 PEYTON RANDOLPH  NEW CUMBERLAND, PA  17070**

BORROWER

/s/ Pamela J Calhoun  (SEAL)   5/20/2022
PAMELA J CALHOUN                  DATE